UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
               Plaintiff

vs.

GEORGE KRAJAS et al,
               Defendants

NOTICE OF MOTION TO SUPPRESS INTERCEPTED COMMUNICATIONS PURSUANT TO WIRETAP ORDER

11-CR-202

S I R S :

PLEASE TAKE NOTICE that upon the annexed affidavit of David R. Addelman, Esq., sworn to on the 7th day of March, 2012, and upon the indictment and all papers and proceedings previously had in this case, the undersigned will move this Court, on behalf of all defendants with standing, at a term of this Court to be held in the United States Courthouse, Buffalo, New York on the 28th of March, 2012 at 2:00 o'clock in the afternoon of that date, or as soon thereafter as counsel may be heard, for orders granting the following relief:

    1.    Suppression of electronic eavesdrop and derivative evidence under Rule 12 of the Federal Rules of Criminal Procedure;

    2.    Leave to make other and further motions and to supplement these motions;

    3.    Such other and further relief as the Court deems proper.

DATED:    March 7, 2012
                   Buffalo, New York        s/ David R. Addelman

                                          David R. Addelman P.C.
                                          Attorney for Defendant,
                                          GEORGE KRAJAS
                                          69 Delaware Avenue, Suite 602
                                          Buffalo, New York 14202
                                          Tel. (716) 856-4118

Fern S. Adelstein, Esq.
Attorney for CHARLES PALMER
311 Community Bank Building
201 N. Olean Street
Olean, New York 14760
Tel. (716) 372-4415

Brian K. Parker, Esq.
Attorney for VUNNAL BLAIR
390 Elmwood Avenue
Buffalo, New York 14222
Tel. (716) 824-2221

Frank T. Housh, Esq.
Attorney for GREGORY MILLER
70 Niagara Street
Buffalo, New York 14202
Tel. (716) 362-1128

Barry Nelson Covert, Esq.
Lipsitz Green Scime Cambria LLP
Attorneys for WILLIAM BART ALEXANDER
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Tel. (716) 849-1333, ext. 365

David K. Silverberg, Esq.
Silverberg and Silverberg, LLP
Attorneys for TIMOTHY BORKOWSKI
515 Brisbane Building
403 Main Street
Buffalo, New York 14203
Tel. (716) 854-6495

Paul G. Dell, Esq.
Law Office of Paul G. Dell
Attorney for CHRISTOPHER CARLUCCIO
70 Niagara Street
Buffalo, New York 14202
Tel. (716) 362-1156

Robert M. Goldstein, Esq.
Attorney for JAMES SIMMONS
438 Main Street, Suite 225
Buffalo, New York 14202
Tel. (716) 856-2700

                                      Jeremy D. Schwartz, Esq.  
                                      Attorney for MICHAEL SMERKA  
                                      484 Delaware Avenue  
                                      Buffalo, New York 14202  
                                      Tel. (716) 885-2889  

                                      Samuel P. Davis, Esq.  
                                      Law Office of Samuel P. Davis  
                                      Attorney for ALEATHEA STONE  
                                      534 Delaware Avenue, Suite 108  
                                      Buffalo, New York 14202  
                                      Tel. (716) 853-7611  

                                      Michael J. Stachowski, Esq.  
                                      Attorney for CHARLES PALMER, JR.  
                                      2025 Clinton Street  
                                      Buffalo, New York 14206  
                                      Tel. (716) 716-824-5353  


TO:    Michael L. McCabe, Esq.  
         United States Attorney's Office  
         Western District of New York  
         Federal Centre  
         138 Delaware Avenue  
         Buffalo, New York 14202

UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,
                Plaintiff          **11-CR-202**

vs.

GEORGE KRAJAS et al,                           **AFFIDAVIT**
                Defendants
_____

STATE OF NEW YORK  )
COUNTY OF ERIE       ) ss:
CITY OF BUFFALO     )

      David R. Addelman, being duly sworn, deposes and says as follows:

      1.    I am the attorney for George Krajas and, as such, I am fully familiar with the facts and circumstances discussed herein.

      2.    It is my understanding that any co-defendant who does not indicate otherwise, wishes to submit these suppression moving papers directed against direct and derivative evidence acquired as a result of the electronic eavesdropping in this investigation.

## STANDING

      3.    On January 21, 2011, United States District Court Judge William Skretny signed orders authorizing the interception of oral communication of telephone number (716) 536-1655 registered to George Krajas based upon allegations that six named defendants and an unknown number of others (names redacted) were committing federal crimes.

      4.    I have not been provided any way of knowing when the evidence acquired under the subject orders was sealed.  I request that information be

4

provided with leave to make additional arguments once it is known whether and when the order was sealed.

5.      I have not been provided any way of knowing whether the minimization requirements were properly followed in this case.  I request that information be provided with leave to make additional arguments once it is known whether and when the minimization requirements were followed.

6.      Deponent submits that there are three independent basis for the moving defendants' "standing" to submit these suppression motions.  Each one is discussed below.

### Named Targets

7.      18 U.S.C. §2510(11) contains the definition of an "aggrieved person".  Under 18 U.S.C. §2518(10), any "aggrieved person" has standing to challenge illegal eavesdropping.

8.      The statutory definition specifically includes "a person against whom the interception was directed…"  Accordingly, each moving defendant listed as a named target has standing to participate in these suppression motions.

### Interceptees

9.      The statutory definition of an "aggrieved person" also specifically encompasses anyone "who was a party to any intercepted" communication.

### The Eavesdrop Application Failed to Establish Necessity for Electronic Surveillance

10.     The federal wiretap statute requires that each application for an eavesdrop warrant must contain "a full and complete statement" establishing that

5

normal investigative procedures have been tried and failed, or that they appear reasonably unlikely to succeed.  18 U.S.C. §2518(1), (c).

11. In United States v Lilla, 669 F.2d 99, the Second Circuit suppressed the fruits of a New York State issued eavesdrop warrant.  In pertinent part, the Lilla court observed as follows:

> "[t]he requirement of a 'full and complete statement' regarding procedures attempted or considered prior to the application for a wiretap serves both to underscore the desirability of using less intrusive procedures and to provide courts with some indication of whether any efforts were made to avoid needless invasion of privacy.  Like other courts, we reject generalized and conclusory statements that other investigative procedures would prove unsuccessful." 699 F.2d at 104; citations omitted.

12. The Lilla court also recognized the observation by the United States Supreme Court that the necessity requirement is:

> "…simply designed to assure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime.  United States v. Kahn, 415 U.S. 143, 153, n.12, 94 S.Ct. 977, 983, n.12, 39 L.Ed.2d 255 (1974)…" 699 F.2d at 102.

13. The Lilla court went on to explicitly recognize that Congress had articulated a preference for more conventional investigative techniques, such as informant infiltration, physical surveillance, and pen registers.  699 F.2d at 103-105, n.5, n.6.

14. The Lilla court expressly rejected the Government's generalized contention that a far-flung conspiracy was involved and it characterized the activity at hand as a "small time narcotics case".  699 F.2d at 104; see United States v.

6

Gonzales, Inc., 412 F.3d 1102, 1116 (9th Cir. 2005); United States v. Blackmon, 273 F.3d 1204 (9th Cir. 2001).

15. The Second Circuit has recently reaffirmed the principles it initially recognized in Lilla. United States v. Conception, 579 F.3d 214 (2009).

16. The Conception court expressly recognized that:

> "[i]n other words, the question is not whether a wiretap provides the simplest, most efficient means of conducting an investigation; telephonic surveillance may only be used when it is necessary to assist in law enforcement". 579 F.3d at 218; emphasis added.

17. Based upon the reasons set forth below, it is respectfully submitted that the initial eavesdrop application failed to comply with the necessity requirement.

18. The eavesdrop order was primarily based upon the January 21, 2011 affidavit of FBI Agent Marcello Falconetti (Exhibit A).

19. Agent Falconetti conceded in his affidavit that he alleged "only" that information which in his view established probable cause.

## CONFIDENTIAL SOURCE DISCLOSURES

20. Most of the information set forth in the Falconetti affidavit originated from either consensual recordings or information provided by "confidential sources" ("CS").

21. CS-1 as described in the Falconetti affidavit is believed to be Robert Dutkiewicz, a nephew of Darlene Krajas. Darlene is George Krajas' wife. Upon information and belief, she and George allowed Dutkiewicz to live with them in 2010 after he was charged and released on a criminal charge. They assisted him

7

financially.  During the period from May 13, 2010 through August 1, 2010, Dutkiewicz stole approximately $6,000 from Darlene and George.  He was charged criminally and, upon information and belief, his trial is scheduled for April, 2012.  The Defendant and his wife are the complainants in that case.  This information was either known by, or it was information easily available to Agent Falconetti.  None of this was mentioned in the application provided to Chief Judge Skretny.

22. One would think that having access to an informant who had access to Krajas' residence for approximately seven months would provide valuable information about the comings and goings of alleged drug associates, stash houses and the other information Agent Falconetti stated was unavailable through conventional law enforcement methods.  This was relevant and material information which the Defendant believes was intentionally omitted from the application presented to Chief Judge Skretny.

23. One of the reasons given for the need for the wiretap order is that

> "Many of the subjects who hold leadership positions in this drug trafficking organization have known family relationships with each other and … with other co-conspirators." (Exhibit A, pages 59-60, paragraph 55).

24. Given access to a member of Krajas' household and extended family, it would appear that many of the investigative techniques listed as unlikely to succeed may have been overstated.  At a minimum, Chief Judge Skretny should have been made aware of both the access available to law enforcement regarding Krajas' relatives and CS-1's wish to harm his accusers in a grand larceny case and otherwise his motivation to distort the truth as it affects the statements attributed to him in the application.  It is hard to believe that anyone relying on information

8

provided by CS-1 about Krajas would not view the fact that Krajas had formally accused CS-1 of stealing from him and that CS-1 could potentially take out a witness against him, would not be viewed as a significant factor to consider before granting the requested wire tap order.

25.     Certainly the language about "accurate and reliable" information and "never (provided) false or misleading" information (Exhibit A, page 17) might have been tempered with – although he is now providing information against someone who has charged him with grand larceny and is a complainant in a pending criminal case.  This constitutes a material omission and it is likely that this information would have been considered by Judge Skretny in crediting or discrediting CS-1.

## PHYSICAL SURVEILLANCES

26.     The Second Circuit in Lilla, supra, and Conception, supra, expressly acknowledged the fact that physical surveillance is a conventional technique that can yield the identity of co-conspirators.  579 F.3d at 219.

27.     Deponent requests the disclosure of al physical surveillance reports in this case in order to establish that this conventional technique was utilized and was productive.  This Court should direct the prosecution to disclose to the defense any and all tangible material relating to any physical surveillances conducted at any point during the instant investigation.

## POLE CAMERA

28.      In addition, deponent notes that the FBI could have utilized a pole camera in the vicinity of the auto repair shop and KRAJAS' residence.  These were

9

the two locations mentioned in the Falconetti affidavit and there is no reason known to your deponent why; if leaving unmarked cars in view of those locations was deemed too risky, a simple pole camera would not have met law enforcement's purpose of monitoring the traffic at these locations.

## THE COURT SHOULD CONDUCT A FRANKS HEARING

29. The United States Supreme Court has condemned the deliberate and reckless use of false statements in warrant applications. <u>Franks v. Delaware</u>, 438 U.S. 154, 98 S.Ct. 2674.

30. Numerous circuits, including the Second Circuit, have held that the same condemnation applies to the omission of significant factual matters. <u>United States v. Bonds</u>, 12 F.3d 540, 568-569 (6th Cir. 1993); <u>United States v. Carneiro</u>, 861 F.2d 1171 (9th Cir. 1988); <u>United States v. Ferguson</u>, 758 F.2d 843 (2nd Cir. 1985); <u>United States v. Hadfield</u>, 918 F.2d 987 (1st Cir. 1990); <u>United States v. Kolkley</u>, 899 F.2d 297 (4th Cir. 1990); <u>United States v. Reivich</u>, 793 F.2d 957 (8th Cir. 1986).

31. As was noted in <u>United States v. Salemme</u>, 978 F.Supp, 343:

> "…the government's statutory obligation to make 'a full and complete statement' concerning the necessity of a powerful but intrusive weapon that electric surveillance constitutes is unqualified; the government is obligated to inform the court of all of its information on this issue." 978 F.Supp. at 348.

32. The disclosure obligation concerning necessity is much greater than that for probable cause. In the probable cause context the application need only disclose those facts and corcumstances relied upon to sustain his or her belief that

probable cause for issuance of the eavesdrop warrant does exist.  18 U.S.C. §2518(1)(b).  As noted above, the necessity disclosure obligation is unlimited.

33.     In United States v. Ippolito, 774 F.2d 1482 (9th Cir.), a Franks-based necessity hearing was conducted concerning affirmative misrepresentations and material omissions regarding the productivity of an undercover informant in investigating an organized crime family.  On appeal, the Ninth Circuit affirmed and appropriately recognized that a resolution of the issue must involve a Franks hearing where both material misrepresentations and material omissions are considered by the court.  774 F.2d at 1486-1487, n.1.  See United States v. Blackmon, 273 F.3d 1204 (9th Cir. 2001).

34.     The Falconetti affidavit is replete with boilerplate and conclusory statements which have been repeatedly rejected by several courts.  The glaring omission cited herein suggests that the application submitted in support of the wiretap order focused more on form as opposed to a good faith effort to accurately disclose the Confidential Sources' ability to gather information and their motivation to provide false or misleading information.

35.     Consequently, this Court should conduct a Franks hearing concerning the Falconetti affidavit of January 21, 2011.

**Pre-Hearing Disclosure**

36.     In United States v. Salemme, 978 F. Supp. 343, the court found that the defendants were entitled to a Franks hearing on their motions to suppress the fruits of electronic eavesdropping.  The issues to be explored at that Franks hearing related to whether the government had adequately disclosed in the

11

eavesdrop application, the availability of "certain confidential informants and/or pertinent information provided by those informants". 978 F.Supp. at 345.

37.     In a subsequent decision, the Salemme court found that the defense should be afforded pre-hearing discovery on the Franks issues, which included the disclosure of any documents and/or information which tended to show that the government had failed to make the required "full and complete statement". United States v. Salemme, 978 F.Supp. 386, 388.

38.     In view of the above, it is respectfully submitted that a Franks hearing be conducted and that prior to that hearing the government be directed to provide the defense with all documents and information which might tend to show that the government had failed to disclose all of the information required by statute.

39.     Specifically, the defense seeks disclosure of the following:

A.     Any template, specimen and/or any previous eavesdrop-related application and/or affidavit utilized to prepare the supporting applications and/or affidavits utilized in this case to secure the eavesdrop warrants;

B.     Any tangible item or other information which tends to establish that the authorities had failed to make a "full and complete statement" regarding the need for the electronic surveillance. This request includes, but is not limited to, all tangible items regarding any physical surveillance undertaken at any point of the instant investigation. See United States v. Salemme, 978 F.Supp. 986.

C.     Any tangible item or other information regarding Robert Dutkiewicz' governmental informant activities prior to January 21, 2011 which involved any defendant.

12

  D. Any tangible item or information demonstrating that the investigating agency was aware of and considered the use of pole camera surveillance prior to January 21, 2011.

  E. Any tangible item or information from any other source, including other informants.

## TAINT

40. 18 U.S.C. §2518(10)(a) specifically provides for the suppression of any improperly intercepted communications, together with any "evidence derived therefrom".

41. In view of the electronic surveillance defects set forth above, the defense is now entitled to full disclosure of any and all evidentiary materials derived from the illegal electronic surveillance. See <u>Alderman v. United States</u>, 394 U.S. 165, 89 S.Ct. 961; 18 U.S.C. §2518(10)(a).

42. Consequently, there would be a taint hearing to ascertain the full nature and extent of the illegal electronic surveillance and its effect upon the acquisition of derivative evidence. See <u>Nardone v. United States</u>, 308 U.S. 338, 60 S.Ct. 266.

## SEALING VIOLATION

43. Title 18 U.S.C. §2518(8)(a) mandates that immediately upon the expiration of an eavesdrop order that the tapes resulting from that interception must be made available to the issuing judge and sealed under his direction.

44. In <u>United States v. Ojeda Rios</u>, 495 U.S. 257, 110 S.Ct. 1845 (1990), the Supreme Court held that the prosecution must provide a "satisfactory

explanation" when intercept tapes have not been sealed in a timely manner. The Court expressly rejected the Government's argument that it could comply with the statutory provision by proving that the tapes had not been tampered with.

45. The defense demands discovery on when the tapes were made available to the Judge and when they were sealed and reserves the right to make further argument on this issue.

**LEAVE TO MOVE FURTHER AND TO SUPPLEMENT THESE MOTIONS**

46. The defense had endeavored to encompass within these motion papers all forms of pre-trial relief that may be properly requested at this time.

47. However, upon the receipt of materials and/or information in the future, counsel may become aware of further pre-trial relief which should be requested or matters which should be advanced to supplement the motions already made. The Court is respectfully asked to grant leave to make such other and further motions and to supplement these motions as may be deemed appropriate at a future date.

WHEREFORE, deponent respectfully requests that this Court grant the relief sought in the attached Notice of Motion, together with such other and further relief as the Court deems proper.

s/ David R. Addelman
_____
David R. Addelman

Sworn to before me this
7th day of March, 2012
s/ Natasha Blyashuk
_____
Notary Public, State of New York
Qualified in Niagara & Erie County
Comm. Exp. 10/13/2013

14

UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,
                            Plaintiff

   vs.
                                         **11-CR-202**

GEAORGE KRAJAS,
                            Defendant
_____

## CERTIFICATE OF SERVICE

      The undersigned certifies that she is an employee of David R. Addelman P.C., 69 Delaware Avenue, Suite 602, Buffalo, New York, and is of such age to serve papers.

      On March 7, 2012, she served a copy of the Defendant's Notice of Motion with Affidavit by electronic service via CM/ECF:

Addressee:   Michael L. McCabe, Assistant United States Attorney

                                              s/  Natasha Blyashuk
                                              _____
                                              Natasha Blyashuk