UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                        **DECISION AND ORDER**
                                                  11-CR-202S

CHARLES PALMER,

                Defendant.

1.      On November 20, 2015, Defendant Charles Palmer filed a Motion for Return of Property. (Docket No. 493.) He seeks the return of (1) a fourteen-caret gold, approximately 30" chain with medallion, (2) a 2007 Dodge Charger (VIN# 2B3LA73W67H729405), and (3) a 2002 Ford Explorer, (VIN# 1FMZU73E92UC42207), which were "seized by law enforcement officers as evidence of a crime, contraband, fruits of crime, or other items illegally possessed and property designed for use, intended for use, or used in committing a crime in violation of or proceeds thereof," under 21 U.S.C. §§ 841(a)(1), 843(b) and 846. Affidavit of Dawn M. Chatten ("Chatten Aff."), Docket No. 495-1, ¶ 3.)

2.      The government commenced administrative forfeiture proceedings for the seized items on August 8, 2011 and sent notice to Defendant by certified letter on August 12th, 2011, which were sent to Defendant's residence, the residence of his girlfriend, the facility in which he was then incarcerated, and his attorney's office. (Id. ¶ 4-5.) The government also provided notice by publication in the Wall Street Journal. (Id. ¶ 6.) No timely claims were filed after the requisite notice was published. (Id.)

3.      Defendant moves for relief pursuant to Rule 41(g) of the Federal Rules of

1

Criminal Procedure. Rule 41(g) permits "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "However, a Rule 41(g) motion cannot be used to collaterally attack an administrative forfeiture proceeding in which the aggrieved party has been given notice and the opportunity to assert a claim." Contreras v. United States, No. 4:12-MC-09017-BCW, 2012 WL 5835682, at *2 (W.D.Mo. Nov. 16, 2012) (citing Muhammed v. Drug Enforcement Agency, Asset Forfeiture Unit, 92 F.3d 648, 652 (8th Cir.1996)).

    4.    The sole remedy for setting aside an administrative forfeiture is contained in the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") at 18 U.S.C. § 983. Can v. U.S. Drug Enf't Agency, 764 F. Supp. 2d 519, 520 (W.D.N.Y. 2011) (noting that "Section 983(e)(5) expressly provides that: '[a] motion filed under this subsection shall be the *exclusive remedy* for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.'") (quoting 18 U.S.C. § 983, with emphasis added)). Pursuant to CAFRA, the District Court has jurisdiction only as to whether proper notice was given. Mikhaylov v. United States, 29 F. Supp. 3d 260, 271 (E.D.N.Y. 2014) (noting that District Courts have subject matter jurisdiction only as to "whether the moving party had reasonable notice or other knowledge of the seizure"). Defendant does not claim that he did not receive notice, and, as described above, notice appears to be proper.

5. Consequently, this Court finds that Defendant has failed to assert a factual or jurisdictional basis for his motion. See <u>United States v. One 1987 Jeep Wrangler Automobile</u>, 972 F.2d 472, 479 (2d Cir. 1992) (holding that a district court is divested of subject-matter jurisdiction upon the filing of an administrative forfeiture proceeding). Defendant's motion must therefore be denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Return of Property (Docket No. 493) is DENIED.

SO ORDERED.

Dated: March 31, 2016
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge